UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No.: 5:23-cv-00193

| | |
|---|---|
| TEVAN WOODALL,<br><br>Plaintiff,<br><br>v.<br><br>STEELLION, INC. d/b/a/ BIG AL'S PUB AND GRUBBERIA, MARIANA CONTI SCHWARTZ, and MATT SCHWARTZ,<br><br>Defendants. | COMPLAINT |

Plaintiff, Tevan Woodall ("Plaintiff" or "Woodall"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* against Steellion, Inc. d/b/a Defendant Big Al's Pub and Grubberia ("Big Al's"), Mariana Conti Schwartz ("Mariana Schwartz"), and Matt Schwartz ("Matt Schwartz") (together "Defendants").

## NATURE OF PLAINTIFF'S CLAIMS

1. Woodall brings his FLSA claims pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b) and seeks to recover unpaid overtime wages and statutory penalties within the three-year period preceding the filing of this Complaint.

2. Woodall's FLSA overtime claims arise from Defendant's policy and practice of failing to timely pay him all statutory overtime wages for hours worked in excess of forty in a workweek.

3. Woodall's FLSA retaliation claims arise from Defendant's retaliatory reduction of his pay rate and termination of his employment because he filed a claim for unpaid overtime with the United States Department of Labor.

## THE PARTIES

4. Woodall is an adult individual who is a resident of Mooresville, North Carolina.

5. Big Al's is a domestic corporation registered and in good standing in the State of North Carolina under the name "Steellion, Inc."

6. Mariana Schwartz is a co-owner of Big Al's and holds the position of Secretary. In this capacity, Marian Schwartz is involved in the day-to-day business operations of Big Al's. Mariana Schwartz has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including the decision to not pay an overtime premium for all hours worked in excess of forty in a workweek. At all relevant times, Mariana Schwartz acted and had responsibility to act on behalf of, and in the interests of Big Al's in devising, directing, implementing, and supervising the wage and hour practices and policies relating to employees, including the overtime issues raised in this lawsuit. At all relevant times, Mariana Schwartz was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Matt Schwartz is a co-owner of Big's Als. In this capacity Matt Schwartz is involved in the day-to-day business operations of Big Al's. Matt Schwartz has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including the decision to not pay an overtime premium for all hours worked in excess of forty in a workweek. At all relevant times, Matt Schwartz acted and had responsibility to act on behalf of, and in the interests of Big Al's in devising, directing, implementing, and supervising the wage and hour practices and policies relating to employees, including the overtime issues raised in this lawsuit. At all relevant times, Matt Schwartz was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d)

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et seq.*

9. This Court has personal jurisdiction because the Defendants conduct substantial business in Iredell County, North Carolina, which is located within this judicial district.

10. Venue is proper in this judicial district because Defendants have substantial business contacts in this district and because the unlawful acts alleged herein occurred in Iredell County, North Carolina, which is located within this judicial district.

## COVERAGE ALLEGATIONS

11. At all relevant times, Defendants have been an "enterprise" within the meaning of Section 3(r) of the FLSA 29 U.S.C. §203(r).

12. At all relevant times, Defendants have been an "enterprise engaged in commerce or in the production of good for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engage in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

13. At all relevant times, Defendants were an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all relevant times, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

15. At all relevant times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

16. Defendants own and operate a restaurant in Mooresville, North Carolina.

17. Woodall began his employment with Defendants in or about January 2018. During his tenure with Defendants, Woodall worked as a Cook and as an Assistant Kitchen Manager. Woodall also performed security duties for Defendants approximately two to three times per week from 10 p.m. until 2:30 a.m. Woodall worked as the Kitchen Manager from approximately April 2022 until mid-June 2023 when Defendants unlawfully demoted him in retaliation for Woodall filing a complaint with the United States Department of Labor ("DOL") seeking unpaid overtime wages. Defendants ultimately terminated Woodall's employment in July 2023.

18. At all times during Woodall's employment with Defendants, Woodall was paid an hourly rate of pay and he was eligible to be paid overtime compensation for all work performed over forty (40) hours in a workweek.

19. Woodall regularly worked between 55 and 70 hours per week while employed by Defendants, but Defendants did not pay Woodall the overtime premium rate required by the FLSA for all hours worked in excess of 40 in a workweek.

20. From Woodall's date of hire through approximately June 20, 2023, Defendants' payroll records show that Woodall was only paid for 40 hours of work each week, even though Woodall worked more than forty hours per week during almost all, if not every, week he worked for Defendants. Similarly, Woodall's paychecks during this period only compensated him for forty hours of work each week.

21. On or about June 6, 2023, Woodall filed a complaint with the DOL alleging that Defendants failed to pay him overtime in compliance with the FLSA.

22. On June 8, 2023, while at work, Woodall complained via telephone to Mariana Schwartz and Matt Schwartz that Defendants did not pay him overtime. Woodall also informed Mariana Schwartz that he filed an unpaid overtime complaint with the DOL. Mariana Schwartz was then joined on the phone call by Matt Schwartz. Matt Schwartz threatened Woodall, stating "I will end you." During this phone call, Mariana Schwartz told Woodall she could "delete" Woodall's work hours and change the time clock "to cover up overtime." The telephone call ended with Mariana Schwartz telling Woodall to "leave my fucking restaurant and do not return."

23. Immediately following this phone call, Woodall informed Big Al's General Manager, Robbie Wheeler, that he had been told to leave the restaurant and to not return. Wheeler instructed Woodall to continue working and that he would "resolve" the situation.

24. On June 20, 2023, the next payday following Woodall's complaint to the DOL, Defendants retaliated against Woodall by reducing his hourly rate by $2.00 per hour. Woodall's June 20, 2023, paystub, did however, for the first time during his tenure with Defendants, reflect the accurate number of hours Woodall worked and included the FLSA mandated overtime premium for the 15.36 hours of overtime Woodall worked during this pay period.

25. On July 2, 2023, Woodall arrived for work at his scheduled worktime. Shortly after arriving, a coworker requested Woodall assist him with a sales ticket. When Woodall began explaining how to resolve the issue, Defendants' Manager Kate Harlow, who is also Mariana Schwart's niece, screamed "Shut the Fuck Up!" at Woodall. Woodall immediately complained to General Manager Wheeler about how Harlow treated him. Wheeler told Woodall that Big Al's was a "family-owned restaurant" and that "nothing is going to change." Wheeler then stated that

Woodall consider "doing what you need to do to be in a better environment for your mental health." Later that evening, Harlow's husband Jolly Harlow threatened to physically harm Woodall if he came back to Big Al's. Woodall did not return to work after July 2, 2023.

26. Defendants unlawfully reduced Woodall's pay rate and terminated his employment (either actually or constructively) in retaliation for Woodall engaging in activities protected by the FLSA.

27. Defendants had knowledge that Woodall worked unpaid overtime hours because Defendants tracked all the hours Woodall worked in the kitchen, which exceeded 40 almost every workweek. Defendants also had knowledge that Woodall worked unpaid overtime hours because Defendants did not permit Woodall to clock-in to record his time when he performed additional security duties two to three times per week.

28. Defendants' violations of the FLSA were willful. Prior to filing his unpaid overtime complaint with the DOL, Woodall previously complained to Mariana Schwartz about Defendant's unlawful pay practices. Mariana Schwartz informed Woodall that Big Al's was not required to pay an overtime premium because Big Al's did not employ enough employees to be covered by the FLSA.

**PLAINTIFF'S FIRST CAUSE OF ACTION**
**(Violation of the FLSA – Unpaid Overtime)**

29. Woodall realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

30. Woodall's first cause of action arises from Defendants' policy and practice of failing to pay all overtime wages earned by Plaintiff in violation of the FLSA.

31. Defendants violated the FLSA by failing to pay the overtime premium mandated by the FLSA for hours worked in excess of forty (40) in a single workweek.

32. Defendants' violations of the FLSA were willful.

## PLAINTIFF'S SECOND CAUSE OF ACTION
### (Violation of FLSA – Retaliation)

33. Woodall realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

34. The retaliation provision of the FLSA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3).

35. Defendants reduced Woodall's payrate and constructively terminated his employment in retaliation for filing an unpaid overtime complaint with the DOL.

36. As a proximate and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered damages including lost wages and benefits, pain and suffering, and attorneys' fees and costs.

37. Defendants' actions were done maliciously, willfully, or wantonly or in a manner that demonstrates a reckless disregard for Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to Section 216(b) of the FLSA finding Defendants jointly and severally liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid overtime wages found due to Plaintiff;

b) An Order pursuant to Section 215(a)(3) of the FLSA finding Defendants unlawfully retaliated against Plaintiff entitling Plaintiff to reinstatement to his former position and to recover lost wages and benefits, compensatory damages, and punitive damages;

c) Order Defendants to pay to Plaintiff all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

d) Order Defendants to pay to Plaintiff pre- and post-judgment interest on all sums recoverable; and

e) Order Defendants to provide Plaintiff with all other legal and/or equitable relief to which he is entitled.

Dated: November 30, 2023

Respectfully submitted,

s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone:(704) 612-0038
E-Mail: phil@gibbonslg.com
corey@gibbonslg.com

*Attorneys for Plaintiff*